# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

———————

No. 10-3469

———————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the District |
| | * | of Nebraska. |
| Wilson Antonio Garcia-Panama, | * | |
| also known as Carlos, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

———————

Submitted: June 16, 2011
Filed: August 12, 2011

———————

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

———————

PER CURIAM.

Wilson Garcia-Panama appeals the eighty-seven-month within-Guidelines sentence imposed by the district court[1] following his guilty plea for conspiring to distribute methamphetamine. On appeal, he argues that his sentence is unreasonable because the purity determination[2] used to arrive at the amount of drugs he was

---

[1]The Honorable Richard G. Kopf, United States District Court for the District of Nebraska.

[2]Generally speaking, the base offense level for a drug offense under the Guidelines is calculated based upon drug quantity. United States Sentencing

responsible for and resulting base offense level was based on testing of only a portion of the drugs involved in the conspiracy. Garcia-Panama further contends that his co-conspirator's sentence was calculated based only upon a methamphetamine "mixture," resulting in a lower base offense level and sentence. Intermingled with this latter contention is Garcia-Panama's argument that this error caused an unwarranted sentencing disparity discouraged by 18 U.S.C. § 3553(a)(6).[3]

We find that the district court did not clearly err in calculating drug quantity and in setting Garcia-Panama's resulting base offense level. See United States v. Montes-Medina, 570 F.3d 1052, 1058 (8th Cir. 2009) (standard of review). First, the government is not required to conduct a purity calculation on all of the methamphetamine distributed during the course of the conspiracy. Approximately fifty grams of a methamphetamine mixture was not submitted for purity testing. Accordingly, the district court converted the total amount of actual (tested) methamphetamine and the (untested) methamphetamine mixture to its marijuana equivalent. This was the appropriate approach. See United States Sentencing

---

Guidelines Manual § 2D1.1; United States v. Ault, 446 F.3d 821, 823 (8th Cir. 2006). Because cooked methamphetamine produces a number of by-products, the Guidelines permit two possible methods for determining a defendant's base offense level in a methamphetamine case. United States v. Fairchild, 189 F.3d 769, 778 (8th Cir. 1999). One method seeks to determine the amount of methamphetamine contained within a mixture. Using this method, the government must perform a purity calculation and multiply the percentage of pure methamphetamine times the total amount of the mixture to get the "actual" amount of methamphetamine. United States v. Houston, 338 F.3d 876, 878-79 (8th Cir. 2003). The second method permits the government to apply the entire weight of a mixture containing a detectable amount of methamphetamine. Fairchild, 189 F.3d at 778. The Guidelines direct the district court to use whichever method produces the higher base offense level. U.S.S.G. § 2D1.1(c), n.B.

[3]According to representations by the government and defense counsel at sentencing, this co-conspirator was sentenced to sixty months' imprisonment.

Guidelines Manual § 2D1.1, cmt. n.10 (combining differing controlled substances to obtain a single offense level by converting each of the drugs to its marijuana equivalent); United States v. Morales-Uribe, 470 F.3d 1282, 1287 (8th Cir. 2006) (employing this method in a case involving actual methamphetamine and a methamphetamine mixture).

Second, the government explained at sentencing that Garcia-Panama's co-conspirator ended up with a lower base offense level in part because he pleaded guilty, with the benefit of a plea agreement, before a purity calculation was performed. Accordingly, the co-conspirator's sentence was based upon the mixture and in this particular case, that resulted in a lower base offense level. Though the government may have erred in not conducting the purity analysis for the co-conspirator's sentencing, the district court did not err in accepting the purity calculations offered by the government as applied to Garcia-Panama's case. Garcia-Panama's argument that this situation created unwarranted sentencing disparities is also without merit. The district court, who sentenced both parties, found that Garcia-Panama had greater involvement in the conspiracy than this co-conspirator. This finding was not clearly erroneous.

Nor did the court err in attributing quantities of methamphetamine distributed by others in the conspiracy to Garcia-Panama, because it was reasonably foreseeable to him that the methamphetamine would be distributed. United States v. Williams, 605 F.3d 556, 569 (8th Cir. 2010). Garcia-Panama complains about a transaction wherein co-conspirators sold methamphetamine to an undercover officer and used Garcia-Panama's vehicle in the process. Garcia-Panama's argument that this transaction was not reasonably foreseeable to him is unpersuasive.

Finally, the record indicates that the district court adequately considered the 18 U.S.C. § 3553(a) factors in imposing Garcia-Panama's sentence. Because the district court committed no procedural or substantive error and the sentence was not an abuse

of its discretion, we affirm the presumptively reasonable eighty-seven-month sentence.  See United States v. Cunningham, 593 F.3d 726, 730 (8th Cir. 2010) (presumptions and standard of review).

_____